AO 472 (Rev. 3/86) Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

CASE NO: 09-20006-03

v

CORY HOLLAR
_____/

**ORDER OF DETENTION PENDING TRIAL**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1) There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

(2) The Defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

**Alternative Findings (B)**

(1) There is a serious risk that the Defendant will not appear.

(2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142 and argues initially that the presumption in favor of detention applies. I find that the Government is correct in their position as the Defendant faces more than 10 years potential custody for violations of the Controlled Substances Act. These violations include eight counts of distribution of cocaine and two counts of distribution of marijuana as part of alleged conspiracies involving the distribution of more than 5 kilograms of cocaine and more than 100 kilograms of marijuana . Having found that the presumption applies, I must next determine whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection § 3142(g).

As to the factors set forth in subsection (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically cocaine and marijuana. I find that from the grand jury having returned an Indictment, there is a definite weight of evidence, at least probable cause, supporting the charges against the Defendant.

As to §3142 (g)(3), I find that the Defendant is currently 24 years of age and is single. There is dispute on this record as to the Defendant's address. Defense counsel maintains that the Defendant resides on North Jackson Street in Bay City, as shown in the Pretrial Services report and represents that the Defendant's mother verified the Defendant has lived at this address for some time. The Government disputes this fact, arguing that over the course of a two-year investigation the Defendant has listed addresses at 701 Litchfield and 401 Ingraham in Bay City. The Government points out that a search warrant was executed at the Ingraham address which revealed evidence of the Defendant's residency at that address. In addition, at the time the Defendant was arrested for driving while intoxicated, he told police officers his address was on Litchfield.

The Defendant reported to Pretrial Services that he has been unemployed for the past two months. Prior to that, he operated a business raising, breeding and selling pit bulls.

2

Defendant has also worked at a Subway restaurant, as well as a dry cleaning establishment. The Defendant conceded to Pretrial Services that he had begun using marijuana nine years ago, and had begun using powder cocaine six years ago. He stated that he had not used cocaine for the previous eight months. Preliminary urinalysis revealed a positive result for marijuana.

Pretrial Services reports that the Defendant has at least five prior convictions for driving while license suspended, three convictions for minor in possession of intoxicants, a conviction for operating while intoxicated in 2005, and driving while impaired in 2007. In 2000, the Defendant pled guilty to possession of cocaine less than 25 grams and was placed on probation. He was subsequently charged with a new criminal offense while on probation and, as a result, was found in violation of the probation order. Subsequently, a bench warrant was issued because the Defendant tested positive for marijuana, failed to notify the court of a change of address, as well as a failure to report. The Defendant pled guilty to these violations, and was sentenced to six months in jail. He was ultimately discharged from probation with a notation of unsuccessful completion. In 2005, the Defendant pled guilty to misdemeanor assault and battery and was placed on eight months probation. Shortly after that probationary period ended, the Defendant pled guilty to misdemeanor driving while intoxicated and was sentenced to time served. In 2005 the Defendant was charged with multiple offenses and ultimately pled guilty to a controlled substance felony offense - possession of cocaine less than 25 grams. He was sentenced to 180 days in jail, 36 months of probation, fines and costs. Defendant was therefore on probation at the time the alleged offenses in this Indictment took place. While under supervision, Pretrial Services reports that the Defendant tested positive for marijuana on 14 occasions, and had a violation of probation issued for use of alcohol and new criminal offenses. Those offenses included a misdemeanor operating while intoxicated - second offense.

The Government represents that at the time his girlfriend was arrested in December

3

2008, the Defendant appeared in the lobby of the FBI office in Bay City and shouted words to his girlfriend which the FBI felt were threatening. Defense counsel argues, I believe correctly, that there was no threat involved in those words; rather, at most I find them to be an encouragement to her not to cooperate with the FBI, or as defense counsel plausibly argues, simply an encouragement to exercise her constitutional *Miranda* rights.

As I weigh these facts under the standards set forth in the Bail Reform Act, taking into consideration the Defendant's consistent criminal and his consistent failure to abide by court ordered supervision after conviction on charges much less serious than those he faces here, I find that the presumption in favor of detention has not been rebutted on the evidence presented. In the alternative, even if it had been rebutted, I conclude that there are no conditions nor any combination of conditions I could impose which would reasonably assure the safety of the community or the Defendant's appearance as required. Therefore, the Government's motion to detain will be granted.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

s/ *Charles E. Binder*
CHARLES E. BINDER
Dated: January 27, 2009          United States Magistrate Judge

4

## CERTIFICATION

    I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller, Craig Wininger, and Barbara Klimaszewski, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.


Date: January 27, 2009          By     s/Jean L. Broucek
                                                               Case Manager to Magistrate Judge Binder